IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                                    Criminal Action No.
                                                3:05-CR-215 (TJM)

GARY REID,

        Defendant.

_____

APPEARANCES:                         OF COUNSEL:

FOR THE GOVERNMENT:

HON. GLENN T. SUDDABY           MIROSLAV LOVRIC, ESQ.
United States Attorney             Assistant U.S. Attorney
Northern District of New York
15 Henry Street
Binghamton, New York 13901

FOR DEFENDANT:

HON. ALEX BUNIN                      DAVE SECULAR, ESQ.
Federal Public Defender's Office     Asst. Federal Public Defender
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202

DAVID E. PEEBLES
U. S. MAGISTRATE JUDGE

## DETENTION ORDER

Defendant Gary Reid is charged by indictment with attempting to persuade and entice a minor to engage in sexual activity through interstate computer and telephone communications, and traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a female minor, in violation of 18 U.S.C. §§ 2422(b)and 2423(b), respectively. As a result of the government's application for pretrial detention, a bail hearing was conducted before me on May 10, 2005. At the conclusion of that hearing I ordered that the defendant be detained, finding that if released he would present some risk of flight and a significant danger to the community, and that there is no condition or combination of conditions which can reasonably assure against those dangers. I am issuing this written decision in order to fully set forth my reasons for ordering detention, as required under 18 U.S.C. § 3142(i).

I. BACKGROUND

According to a pretrial services report dated May 6, 2005, the defendant is thirty-three years of age and a lifetime resident of Staten Island, New York. For the past eleven years Reid has resided with his girlfriend, and has lived in his current residence for approximately six and one half years. The defendant is not married, and has no children.

Reid is a high school graduate, and has taken some college level courses, having achieved an associates degree in the field of business management in 1997.  At the time of his arrest, the defendant was employed by Empress Media in a full time shipping and receiving position in which he earned nine dollars per hour.  Prior to working at Empress Media defendant appears to have held other employment for varying periods of time, ranging up to six years in one position which ended in 2000.

The defendant reports that he is in good physical and mental health, and while he consumes alcohol socially, he does not utilize any controlled or illegal substances.  The defendant does not appear to have any prior criminal history.

The circumstances surrounding the charges in this case stem from Reid's efforts to convince a twelve-year-old girl residing in the Dryden, New York area to engage in sex with him.  The government's proffer at the detention hearing revealed significant and elaborate planning on defendant's part in arranging for the encounter.  Those efforts began with his communications with the victim through use of an Internet chat room.  In those communications, the defendant held himself out as a seventeen-year-old male.  The chat room communications subsequently ripened into

3

telephone conversations, in which plans were made for the defendant to drive to the Dryden, New York area for the purpose of engaging in sexual relations with the victim.

Defendant's plans were consummated when, during the early morning hours of April 15, 2005, he drove from his Staten Island home to Dryden, New York after telling his girlfriend and others that he was traveling to Connecticut for the day. Upon his arrival in the area, accompanied by items for use in carrying out his plan, including a blanket, towel, wash cloth, and condoms, Reid went to the victim's school where, shortly after she was dropped off there by her mother, he picked her up and took her to a local park. At that park, the defendant and his victim engaged in foreplay, although the planned sexual encounter never materialized due to the victim's change of heart. The defendant then drove the victim to a local mall where he was discovered by the victim's father, who had been searching for her, and was arrested by the authorities.

The defendant later gave a detailed confession to law enforcement authorities outlining his intention to have sex with the victim and the planning in which he had engaged to effectuate that desire. Evidence of defendant's planning in anticipation of the encounter, including detailed

4

directions to the victim's school and place of residence, was recovered by authorities in the form of a notebook taken from the defendant. That notebook also suggested the possibility that Reid was planning another encounter, possibly in Elizabeth, New Jersey, with a second individual, although little is known about the individual including, notably, her age.

Following his arrest the defendant was charged locally with unspecified crimes associated with the incident. Reid apparently appeared in a local court in connection with those charges, and was released on $10,000 bail. The defendant was subsequently taken into custody by federal authorities following the return of the instant indictment.

II.     DISCUSSION

   A.     Standard To Be Applied

The defendant in this case is charged by indictment with two offenses both of which are defined as crimes of violence. 18 U.S.C. § 3156(a)(4). As such, the government was entitled to a detention hearing, as it requested. 18 U.S.C. § 3142(f)(1)(c); *see also United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

The appropriate inquiry in determining whether to detain a defendant in a case where a detention hearing is warranted includes "whether any condition or combinations of conditions of release will protect the safety of

5

the community and reasonably assure the defendant's appearance at trial." *Friedman*, 837 F.2d at 49 (citing *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir.), *cert. dismissed*, 479 U.S. 978, 107 S. Ct. 562 (1986)); *see also* 18 U.S.C. § 3142(e); *United States v. Agnello*, 101 F. Supp.2d 108, 110 (E.D.N.Y. 2000). When detention is based wholly or in part on a determination of dangerousness, that finding must be supported by clear and convincing evidence. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *Agnello*, 101 F. Supp.2d at 110 (citing, *inter alia*, *Rodriguez*); *see also* 18 U.S.C. § 3142(f). Risk of flight, on the other hand, must be evaluated using the more relaxed preponderance of the evidence standard. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

The factors which a court must consider in deciding whether to detain or release a defendant, and if released under what condition or combination of conditions, are set forth in 18 U.S.C. § 3142(g). Generally speaking, those factors include examination of the nature and circumstances of the crime charged, including whether the offense is a crime of violence or involves a narcotic drug; the weight of the evidence against the defendant; and the defendant's personal circumstances, including family and community ties, criminal history, any indication of drug or alcohol abuse, and whether at the

time of the commission of the offense or arrest the defendant was on probation, parole, or conditional release. 18 U.S.C. § 3142(g). In considering these factors at a detention hearing, the court is not bound by the rules of evidence, and may rely, *inter alia*, upon proffer and hearsay evidence. *Ferranti*, 66 F.3d at 542; *Agnello*, 101 F. Supp.2d at 110; *see also United States v. Lafontaine,* 210 F.3d 125, 131 (2d Cir. 2000) ("[i]t is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts").

In certain types of cases, the Bail Reform Act interposes a rebuttable statutory presumption in favor of detention. 18 U.S.C. § 3142(e); *see also Mercedes*, 254 F.3d at 436. One portion of section 3142(e) presumes that no condition or combination of conditions will reasonably protect against the risks of flight and danger in cases where there is probable cause to believe that the defendant has committed an offense carrying with it a maximum term of imprisonment of ten years or more and which is drug related. 18 U.S.C. § 3142(e). This presumption stems in part from a congressional finding that narcotics violators as a group, especially those using guns in connection with illicit drug operations, are likely to flee and to engage in further criminal conduct undeterred by the pendency of charges against them. S. Rep. No. 98-225, at *19-*20 (1983), reprinted in 1984

7

U.S.C.C.A.N. 3182. The presumption is also a product of a finding of greater recidivism among persons charged with serious drug felonies. *Id.* When the presumption is triggered, a "strong probability arises that no form of conditional release will be adequate." *Id.*

When a statutory presumption is invoked, however, it imposes only a burden of production on the defendant; the burden of persuasion always remains with the government, which must establish dangerousness by clear and convincing evidence. *See Mercedes*, 254 F.3d at 436; *Rodriguez*, 950 F.2d at 88; *United States v. Carter*, 916 F. Supp. 193, 195 (N.D.N.Y. 1996) (McAvoy, C.J.). Once rebuttal evidence is adduced, however, the presumption nonetheless continues as one of the factors to be weighed in making the detention analysis. *Id.*

The defendant in this case has been charged by indictment with violations of 18 U.S.C. §§ 2422(b) and 2423(b).[1] The fact that the

---

[1] At the hearing the government argued that because Reid is charged with crimes of violence, a presumption in favor of detention arises. This is an assertion which does not find support in the relevant statutory language. A government's entitlement to a detention hearing is governed by 18 U.S.C. § 3142(f). That section does provide, *inter alia*, that the government may properly seek detention in a case in which a defendant is charged with a crime of violence. 18 U.S.C. § 3142(f)(1)(A). The presumptions in favor of detention, by contrast, are governed by 18 U.S.C. § 3142(e), which does not specifically reference crimes of violence as a category. While there is indeed significant overlap in the coverage of these two sections, and in reality there may be relatively few offenses which constitute crimes of violence but do not trigger a presumption in favor of detention, there is this distinction to be drawn.

defendant has been indicted suffices to establish the requisite probable cause that he has in fact committed those offenses. *See United States v. Contreras*, 776 F.2d 51, 53-54 (2d Cir. 1985); *Carter*, 916 F. Supp. at 195. Accordingly, a rebuttable presumption exists "that no condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of the community[.]" *See* 18 U.S.C. § 3142(e).

### B. Governing Test Applied In This Case

In its pretrial services report, the United States Probation Office has recommended that the defendant, while found to constitute a risk of flight and a danger to the community, be released on conditions, to include home confinement with electronic monitoring. For the reasons outlined below, and particularly since it is unlikely that the Probation Office was fully conversant with the facts surrounding the defendant's alleged criminal activities when making it, I decline to adopt this recommendation, and instead will order the defendant detained pending trial.

#### 1. Risk of Flight

As evidence of risk of flight, the government cites the severity of the consequences which the defendant faces, if convicted, on one or both of the pending charges. A conviction on either of the counts charged could

9

result in a prison sentence of up to thirty years and additionally, in the case of the first count, alleging violation of 18 U.S.C. § 2242(b), a mandatory minimum sentence of five years.  It is true that the Second Circuit has cautioned against basing a finding of risk of flight solely upon the nature and seriousness of the crime charged and, correspondingly, the extent of the potential penalty which the defendant faces.  *Friedman*, 837 F.2d at 50 ("[i]n other cases concerning risk of flight, we have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight"); *see also United States v. Carter*, 996 F. Supp. 260, 266 (W.D.N.Y. 1998).  The severity of the punishment facing the defendant is, however, a relevant factor which bears upon the risk of flight.  *See United States v. Davidson*, No. 92-CR-35, 1992 WL 144641, at *6 (N.D.N.Y. June 18, 1992) (McCurn, C.J.)

As an offset to this factor, I consider the defendant's relatively stable circumstances, his educational background, his family ties, and the length of time spent in the Staten Island community.  Taking these factors and the rebuttable presumption of section 3142(e) into consideration, I find that this defendant would present some, although minimal, risk of flight, if released.

    2.    <u>Danger to the Community</u>

Analysis of the danger posed by this defendant, should he be

10

released, begins with the statutory presumption in favor of detention. Beyond that presumption, which has not been rebutted, there is a significant indication that the defendant would in fact present a significant danger to the community, unless detained.

The first factor which I consider in connection with the danger inquiry is the strength of the government's evidence. In this case, based upon the government's proffer, I would characterize the government's case as particularly strong.

Another consideration of relevance is the nature of the offense at issue. The government's proffer reveals the commission by defendant of an offense which demonstrates that he is particularly dangerous to a segment of society that which is particularly vulnerable – its youth, and in particular, young females. The extent to which the defendant went to entice the victim in this case, a seventh grade student, into communicating with him, leading her ultimately to discuss and agree to having sex with him, is disturbing. Moreover, the extreme lengths to which the defendant went to plan and carry out his intentions to have sex with the underage victim demonstrates an ability to carry out his illicit intentions and prey upon young females in the community.

Based upon the totality of these circumstances, including the

presumption in favor of detention, the government has proven by clear and convincing evidence, that if released, the defendant would present a significant danger to the community.

### D. Considerations Of Conditions For Release

Having found that the defendant presents both a risk of flight and a danger to the community, I must determine whether there is any condition or combination of conditions which could reasonably assure against those dangers.[2]

In this instance I cannot conceive of any circumstances that would adequately assure against the danger to which the defendant poses to the community. While the defendant has offered to post security, with the aid of his parents, as the Second Circuit has noted, such security could perhaps suffice to address any perceived risk of flight, but cannot adequately assuage concerns regarding danger to the community. See *Ferranti*, 66 F.3d at 543; *Rodriguez*, 950 F.2d at 89.

I have specifically considered, but now reject, the suggestion made by the United State Probation Office that the defendant be released on conditions which include home confinement with electronic monitoring,

---

[2] A list of some of the conditions available under the Act is set forth in 18 U.S.C. § 3142(c).

coupled with a restriction on his use of and access to computers. Given the relative ease with which a person today can access the Internet and arrange for other communications, and the fact that any such arrangement would undoubtedly require the defendant from time to time to be outside the home without supervision, including while at work, such an arrangement would not protect potential young victims from the defendant's predatory conduct.

Given these circumstances, I find that I cannot establish conditions which would assure the defendant's presence in court and adequately protect the community from the danger presented by him, if released.

III. SUMMARY AND CONCLUSION

In sum, I believe that the factors enunciated in the Bail Reform Act in this case amply demonstrate the existence of both a risk of flight and danger to the community should defendant be released, and that there are no conditions that I can impose which would reasonably assure against those dangers. Accordingly, it is therefore

ORDERED, that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable for persons awaiting or serving sentences or being held in custody pending appeal. Defendant

13

shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a United States Court or on request of a Government attorney, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
David E. Peebles
U.S. Magistrate Judge


Dated:  May 12, 2005
        Syracuse, NY