UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

-V-                                                          CASE NO.  05-CR-215 (TJM)

GARY REID,

                Defendant.
_____

# SENTENCING MEMORANDUM

DATED:  November 2, 2005        Respectfully submitted,

                                        ALEXANDER BUNIN
                                        Federal Public Defender

                By:
                                        David G. Secular, Esq.
                                        Bar Roll No. 502696
                                        Office of the Federal Public Defender
                                        4 Clinton Square, 3rd Floor
                                        Syracuse, New York   13202
                                        (315) 701-0080

**PRELIMINARY STATEMENT**

On July 13, 2005, the Defendant entered a plea of guilty to Count 1 of a two-count Indictment which charged him with using a facility of interstate commerce to induce a female under 18 years of age to engage in sexual activity which would constitute an offense under the New York State Penal Code. Specifically, the defendant conversed with an under age female and took her to a park. The defendant kissed the female but never forced her or persuaded her to engage in any other activity.

The Defendant entered his plea pursuant to a written Plea Agreement which provided for a statutory minimum of five years.

The following Memorandum is respectfully submitted in support of a compassionate sentence within the framework of the new sentencing system established by the United States Supreme Court. In United States v. Booker and Fanfan, 125 S.Ct. 738 (2005), the Supreme Court excised the mandatory provisions of the United States Sentencing Guidelines and returned discretion to the District Court to determine the appropriate sentence in each particular case.

Prior to the holding in *Booker*, Federal Courts were obligated to impose a sentence within a prescribed guideline range absent the presence of extraordinary factors which were inadequately taken into consideration or not even contemplated by the Sentencing Commission. The Supreme Court has overruled the use of a mechanical, mandatory formula for the determination of a sentence and has recognized that although a court of course must consider the sentencing ranges contained in the guidelines, the Court must now, rather than rigidly apply them, take the Guidelines into account with all the sentencing goals contained in 18 U.S.C. 3553 (a). Accordingly, the nature and characteristics of the offense, the history and characteristics of

the Defendant and the totality of the information concerning the background, character and conduct of the Defendant, must be comprehensively evaluated in the ultimate formulation of sentence.  See 18 U.S.C. 3553 (a) and 18 U.S.C. 3361.

This Circuit has elaborated on the Supreme Court's ruling and has articulated the procedure which is to now be implemented in determining and imposing a sentence.

In <u>United States v. Crosby</u>, the Circuit held that "First, the Guidelines are no longer mandatory.  Second, the sentencing judge must consider the Guidelines and all of the other factors listed in Section 3553 (a).  Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements.  Fourth, the sentencing Judge should decide, after considering the Guidelines and all the other factors set forth in Section 3553(a), whether (I) to impose the sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence.  Fifth, the sentencing Judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

## THE PROBATION REPORT

Defense counsel has reviewed the Pre-Sentence Report and has no legal objections to the guideline calculations.  The Report contains important mitigating information which Counsel hopes will be carefully considered in determining the appropriate sentence.

Paragraph 33 of the Probation report reflects that the defendant suffers from Asperger Syndrome which is a type of autistic disorder which although not rendering him incompetent or unable to accept responsibility for his offense did compromise his ability to completely

3

understand the inappropriateness of his behavior.  Dr. Panzer, who has treated Mr. Reid for many years believes it is important that the defendant receive clinical support on a continuous basis but also notes that he has never exhibited typical sexual-predator type behavior and apart from the instant offense has led an exemplary life.  The defendant maintains that he has never engaged in any inappropriate sexual activity with anyone else.

### THE APPROPRIATE SENTENCE

The Defendant recognizes that his behavior in interacting with a young female must be severely punished.  He has accepted complete responsibility for his crime and stressed during his interview by the Probation Department that such conduct will never happen again.  He also related that he was in fact relieved when other than a little kissing, the victim did not want to engage in any sexual activity.

The Probation Report also reflects that he defendant has no prior conflicts with the law and  prior to the instant offense has led an impressive life.  Notwithstanding his documented learning disabilities, the defendant has earned numerous certificates and awards in both athletics and academics.  He has also earned recognition for his involvement in tutoring and community service. (Paragraph 31 of the Probation Report).  The defendant is also a devoted son who enjoys the strong support of two parents who visit him regularly during his incarceration even in spite of having to make a full day trip to the Syracuse area from New York City.

The defendant faces a five year mandatory minimum sentence and a guideline range of 57 to 71 months.  Defense Counsel hopes that the Court will take into consideration all of the positive and mitigating information surrounding the defendant and conclude that a sentence of no more than 60 months will be consistent with the interests of justice and appropriate

punishment.

## CONCLUSION

Defense counsel recognizes that the Defendant deserves to be punished for his offense, but believes that the consideration of all the sentencing factors contained in 18 USC 3553(a) merit the imposition of no more than the statutory five year minimum term.

DATED:	November 2, 2005			ALEXANDER BUNIN
						Federal Public Defender


				By:	_____
						S/David G. Secular, Esq.
						Asst. Federal Public Defender
						Bar Roll No: 502696
						Clinton Exchange, 3rd Floor
						4 Clinton Street
						Syracuse, New York   13202
						(315) 701-0080

TO:	Hon. Thomas J. McAvoy
	Miroslav Lovric, Esq., AUSA
	Heather P. Wescott, Senior USPO