IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

          v.

Criminal Action No.
05-CR-215

GARY REID
      Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SENTENCING MEMORANDUM OF THE UNITED STATES

I.  **NATURE OF CASE AND PROCEDURAL BACKGROUND**

On July 13, 2005, pursuant to a Plea Agreement between the parties, the defendant Gary Reid entered a plea of guilty to Count One of the indictment.  This Memorandum is submitted pursuant to the Uniform Presentence Order issued by the Court.


II.  **ARGUMENT**

    A.  **Facts**

The United States adopts the facts set forth in the Presentence Investigation Report (PSR) submitted by the United States Probation Office.

In the plea agreement, defendant Reid agreed to the following facts:  In approximately February of 2005, Gary Reid was communicating and chatting online in a Yahoo chat room via his home computer located in Staten Island, New York.  At that time,

Gary Reid commenced to communicate via computer with a 12 year old, 7th grade girl who resided in Tompkins County, New York.  Initially, Reid represented to the 12 year old girl that he was a seventeen year old teenager.  At that time, Reid was actually 33 years old.  Over the course of the next several weeks, Reid communicated with the 12 year old girl numerous times by computer via the internet and also by telephone.  These communications occurred between February of 2005 and April 15, 2005.  During those communications, Reid discussed having sex with the girl and also discussed traveling to Tompkins County for the purpose of engaging in sexual acts with the 12 year old girl.  In fact, Reid persuaded the girl that he would travel from Staten Island, New York to Tompkins County, New York to have sex with her.  On April 14, 2005, Reid communicated with the girl and informed her that on the following day he would travel to Tompkins County and pick her up from her middle school early in the morning.  On April 15, 2005, Reid drove approximately 200 miles from Staten Island, New York through the state of Pennsylvania on Interstate 81 into Tompkins County, New York.  Reid picked up the 12 year old girl from her middle school and drove her to a nearby park where he attempted to have sex with her.

## B.    Calculation of the Sentencing Guidelines Range

Although the imposition of a sentence within the applicable Sentencing Guidelines range is no longer mandatory following *United States v. Booker*, 534 U.S. ___, 125 S. Ct. 738, 757, 764 (2005), the Court should still calculate the Guidelines range "in the same manner as before *Booker . . .*" *United States v. Crosby*, 397 F.3d 103, 112 (2d Cir. 2005); *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005).  "An error in determining

the applicable Guideline range or the availability of departure authority would be the type of procedural error that could render a sentence unreasonable under *Booker.*" *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005), *citing United States v. Rubenstein*, 403 F.3d 93, 98-99 (2d Cir. 2005).

Prior to sentencing, the court must resolve any material issues of fact, and must state its factual findings–by adoption of the Presentence Report or otherwise–on the record in a manner to permit appellate review. *See, e.g., United States v. Jeffers,* 329 F.3d 94, 101-02 (2d Cir. 2003); *United States v. Ben-Shimon,* 249 F.3d 98, 103 (2d Cir. 2001). The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay. *See United States v.* Gonzalez, 407 F.3d 118, 125 (2d Cir. 2005)(the power of District Judges to resolve disputed facts by a preponderance of the evidence at sentencing endures *Booker*); *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005)(neither *Booker* nor *Crawford v. Washington*, 541 U.S. 36 (2004), bars judicial consideration of hearsay at sentencing); United *States v. Crosby*, 397 F.3d at 112, 113. "A sentencing judge would . . . violate [18 U.S.C. §] 3553(a) by limiting consideration of the applicable Guidelines range to the facts found by the jury or admitted by the defendant, instead of considering the applicable Guidelines range, as required by subsection 3553(a)(4), based on the facts found by the court." *United States v. Crosby,* 397 F.3d at 115. Such an error "would render a sentence unreasonable, regardless of length, because of the unlawfulness of the manner of selection." *Id.*

-3-

*United States v. Gonzalez,* 420 F.3d 111 (2d Cir. 2005) does not undermine the principle that district courts should make factual findings by a preponderance of the evidence to determine a defendant's Sentencing Guideline range. *Gonzalez* held only that a statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) cannot be applied unless a jury has found, or the defendant has admitted, the threshold drug quantity. In cases decided after *Gonzalez*, the Second Circuit has confirmed that the sentencing court may properly resolve disputed Guidelines issues. *See, e.g., United States v. Valdez,* __ F.3d ___, 2005 WL 2447942 (2d Cir. 2005) (decided over a month after Gonzalez). Indeed, sentencing judges in federal court are still bound by *Booker* which held, *inter alia*: "When a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." 125 S. Ct. at 750 (internal citations omitted).

The United States adopts the offense level computations, the criminal history score, and the resulting Guidelines sentencing range set forth in the Presentence Investigation Report.

III.   **MOTIONS, APPLICATIONS AND REQUESTS OF THE UNITED STATES**

A.   **Notice Request**

The United States respectfully requests notice and an opportunity to be heard if the Court is considering whether a particular downward departure from the applicable, advisory Sentencing Guidelines range may be appropriate in this case. See United States v. Jagmohan, 909 F.2d 61 (2d Cir. 1990).

-4-

**B.    Ex Parte Communications With The Court**

The United States respectfully requests that the Court provide the parties with any ex parte communications received by the Court in connection with the sentencing in this case with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

**IV.    GOVERNMENT'S RECOMMENDATION WITHIN GUIDELINES RANGE**

While the Court has the discretion to impose a sentence outside of the applicable Sentencing Guidelines range after *Booker*, the sentence must be reasonable based upon consideration of all relevant factors, including the applicable Guidelines range.  *United States v. Booker*, 125 S. Ct. at 765-766.  The Sentencing Reform Act

> . . . requires judges to consider the "Guidelines" sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant,' [18 U.S.C.] § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) . . . .  And the Act . . . requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) . . . .

*United States v. Booker,* 125 S. Ct. at 764-765.

In its first major decision applying *Booker*, the Second Circuit declined to prescribe a "formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to 'consider' the Guidelines." *United States v. Crosby*, 397 F.3d at 113.  However, the Second Circuit cautioned:

> . . . it would be a mistake to think that, after *Booker/Fanfan*, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum. On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to "consider" the Guidelines and all of the other factors listed in section 3553(a). We have every confidence that the judges of this Circuit will do so, and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice.

*United States v. Crosby*, 397 F.3d at 113-114.  *See also United States v. Valdez,* __ F.3d __, 2005 WL 2447942 (2d Cir. 2005) ("[E]ven under the discretionary sentencing regime imposed by *Booker* . . . a district court must first consider the proper Guidelines range even when it decides to vary from them.").

To the extent the Court imposes a sentence outside of the calculated Guidelines range, 18 U.S.C. § 3553(c) requires a specific statement of reasons both in open court and in writing.  *United States v. Crosby*, 397 F.3d at 116 ("We note that, in *[Booker]*, the Supreme Court left unimpaired section 3553(c), which requires a district court to 'state in open court the reasons for its imposition of the particular sentence' and, in subsection 3553(c)(2), to state in writing 'with specificity' the reasons for imposing a sentence outside the calculated Guidelines range.")  *See also United States v. Lewis,* 424 F.3d 239, 249 (2d Cir. 2005) (remanding because, in imposing sentence for supervised release violation, district court failed to state sufficient reasons for imposing sentence outside the range recommended by Guideline policy statements).

The Government respectfully contends that a sentence of  60   months within the Guidelines range would be reasonable and appropriate based upon all of the relevant sentencing factors.  The Government objects to the imposition of a sentence below the Guidelines range.  The record reveals no mitigating factors not adequately considered by

the Sentencing Commission that would take this case outside of the Guidelines "heartland" or that would otherwise support a downward departure.  All of the relevant factors that might be considered under 18 U.S.C. § 3553(a) in imposing the sentence in this case have been taken into account by the Sentencing Guidelines.

## V.   **CONCLUSION**

The United States respectfully contends that the recommended sentence of 60 months  is consistent with the United States Sentencing Guidelines and is a reasonable and appropriate sentence.

Dated: November 3, 2005

Respectfully submitted,

GLENN T. SUDDABY
United States Attorney

By:

Miroslav Lovric
Assistant U. S. Attorney

-7-

## <u>CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM</u>

I hereby certify that on <u>November 3, 2005</u>, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, <u>AND</u> who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

Miroslav Lovric
Assistant U.S. Attorney

-8-